UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 230 CNC, LLC,<br><br>　　　Plaintiff,<br><br>V.<br><br>FRANK M. DEBONO CONSTRUCTION CORPORATION,<br><br>　　　Defendant. | Civil Action No. |

**COMPLAINT**

Plaintiff, 230 CNC, LLC, by its attorneys, hereby complains against Defendant Frank M. DeBono Construction Corporation as follows:

**INTRODUCTION**

1. This action arises from the catastrophic and entirely preventable water damage caused by Defendant Frank M. DeBono Construction Corporation's negligent demolition work in the apartment directly above Plaintiff's newly renovated penthouse at 230 Central Part South in Manhattan. On October 17, 2024, Defendant struck and ruptured a two-and-a-half-inch water riser pipe, allowing water to flow uncontrolled for approximately ten to fifteen minutes before the building's water supply could be shut off. The resulting deluge inundated multiple rooms, damaging structural finishes, high-end marble, custom millwork, wood flooring, electrical components, furnishings, and other features of Plaintiff's luxury residence that had only recently been completed.

2. Contemporaneous logs and photographs taken during the incident document the rupture, emergency response, and extensive water intrusion. Plaintiff was forced to undertake

immediate demolition, drying, remediation, and reconstruction, incurring more than $1.3 million in actual and necessary costs, exclusive of additional living expenses, administrative losses, and consequential damages. Under New York law, contractors owe a duty to perform their work in a reasonably safe manner to prevent foreseeable harm to neighboring property owners. Defendant breached that duty and is liable in negligence, private nuisance, and trespass for the resulting property damage.

## THE PARTIES

3. Plaintiff, 230 CNC, LLC is a limited liability company and the proprietary lessee and shareholder of Penthouse Units 14 and 15 located at 230 Central Park South, New York, New York 10019 (the "Property"). Plaintiff was duly formed and existing under the laws of the State of Nevada. Plaintiff is wholly owned by its sole member 230 CNC 2021 Trust. The Trustee of 230 CNC 2021 Trust is Mango Five Family Inc., which is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 100 W Liberty St., Reno, Nevada 89501.

4. Upon information and belief, Defendant Frank M. DeBono Construction Corporation is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 32-72 34th St, Astoria, New York 11106.

5. At all relevant times, Defendant was acting as a contractor performing demolition and construction work in Unit 16 at 230 Central Park South, directly above the Property (the "Neighboring Property").

6. At all relevant times, Defendant and its agents were authorized to perform construction activities in the building, had access to the Neighboring Property, and exercised control over the work that gave rise to the damages alleged in this action.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332. As alleged above, Mango Five Family Inc., a citizen of the State of Nevada, is the sole Trustee of Trust 230 CNC 2021 Trust, which in turn is the sole member of Plaintiff. On information and belief, Defendant is a citizen of New York.

8. The amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims in this action occurred and were made in this district.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district and is subject to personal jurisdiction within this district.

## FACTUAL ALLEGATIONS

11. Plaintiff is the proprietary lessee and shareholder of the Property.

12. Defendant was retained to perform demolition and construction work in the Neighboring Property, located directly above the Property.

13. On October 17, 2024, during demolition activities at the Neighboring Property, Defendant struck and ruptured a water riser pipe approximately two-and-a-half inches in diameter.

14. The ruptured pipe discharged water for approximately ten to fifteen minutes before the Resident Manager could shut off the water to the entire building.

15. Contemporaneous work logs document that Defendant "began demolition and hit a water pipe that leaked for 10-15 minutes until [building staff] could shut off the water." The first responders arrived on site, photographed the damage, and attempted to dry the property using towels, wet vacuums, and fans. Photographs taken the day of the loss show standing water, wet floors, and emergency drying equipment deployed throughout the Property.

16. The resulting water intrusion entered the Property (below) and caused extensive damage to multiple rooms, including custom wood flooring, millwork, marble finishes, walls, ceilings, lighting, cabinetry, electrical components, and furnishings.

17. Prior to the loss, Plaintiff had recently completed a full renovation of the Property. The damaged surfaces and finishes were unused and in pristine condition at the time of the incident.

18. Immediately after the loss, Plaintiff undertook emergency demolition, drying, environmental remediation, and reconstruction. The cost of this work exceeded $1.3 million, as reflected in contractor invoices, receipts, and a detailed proposal showing itemized scope of work.

19. Additional losses include electrical and HVAC restoration, replacement of furnishings, administrative expenses, and loss-of-use damages. Plaintiff has also incurred additional living expenses arising from displacement, in excess of $178,000.

20. The cause of the loss is undisputed. Defendant's work caused the rupture of a water supply line, and water intrusion was the direct and proximate result of Defendant's demolition activities.

21. Defendant owed Plaintiff a duty to perform its work in a reasonably safe manner and to prevent foreseeable harm to neighboring units. Contractors performing work in multi-unit

buildings must take reasonable steps to avoid launching a force or instrument of harm, including rupturing plumbing infrastructure affecting adjacent premises.

22. Defendant breached that duty by failing to exercise reasonable care in performing and supervising demolition work, directly causing the water intrusion and resulting damage.

23. As a result of Defendant's conduct, Plaintiff has suffered substantial property damage, loss-of-use, consequential losses, and statutory interest, in an amount to be determined at trial, but exceeding $1,487,000.

## FIRST CAUSE OF ACTION
### (Negligence)

24. Plaintiff repeats and realleges the allegations in the preceding paragraphs as though set forth fully herein.

25. At all relevant times, Defendant was performing demolition and construction work in the Neighboring Property.

26. Defendant owed Plaintiff a duty to perform its work in a reasonably safe, careful, and prudent manner so as not to cause injury to persons or property in the vicinity, including neighboring units.

27. Under New York law, contractors performing work have a duty to exercise reasonable care and to prevent foreseeable harm to third parties, including neighboring property owners, arising from their demolition and construction activities.

28. Defendant knew or should have known that demolition activities in close proximity to building infrastructure—including water riser pipes—carried a foreseeable risk of water intrusion and property damage to adjacent units.

29. Defendant breached its duty of care by negligently performing or supervising demolition work, including by striking and rupturing a water riser pipe located within or adjacent to the Neighboring Property.

30. The ruptured pipe discharged water for approximately ten to fifteen minutes before building water service could be shut off, resulting in uncontrolled water intrusion into the Property.

31. As a direct and proximate result of Defendant's negligence, water inundated multiple rooms within the Property, causing widespread damage to structural finishes, high-end materials, flooring, millwork, marble surfaces, lighting, electrical components, and furnishings, as well as loss-of-use and additional living expenses.

32. Defendant's negligent conduct was the direct and proximate cause of Plaintiff's injuries and damages.

33. Plaintiff has sustained damages in an amount to be determined at trial, but believed to exceed $1,487,000, including remediation costs, reconstruction expenses, additional living expenses, administrative losses, consequential damages, and statutory pre-judgment interest.

34. Plaintiff is entitled to recover all compensatory damages available under New York law, together with pre-judgment interest, post-judgment interest, and costs.

## SECOND CAUSE OF ACTION
### (Private Nuisance)

35. Plaintiff repeats and realleges the allegations in the preceding paragraphs as though set forth fully herein.

36. Plaintiff is the lawful possessor of the Property and has the right to use and enjoy its property without unreasonable interference.

37. Defendant, in performing demolition and construction activities in the Neighboring Property, created a condition that resulted in a substantial, unreasonable, and continuous interference with Plaintiff's use and enjoyment of the Property.

38. Defendant's conduct in negligently performing or supervising demolition work caused water to intrude into the Property, rendering portions unusable and necessitating demolition, drying, remediation, and reconstruction.

39. Defendant knew or reasonably should have known that its work could result in rupture of a water riser pipe and uncontrolled water intrusion into the apartment below, thereby interfering with Plaintiff's use and enjoyment of the Property.

40. The resulting interference was substantial, unreasonable, and foreseeable, and was not merely a trivial inconvenience.

41. As a direct and proximate result of Defendant's conduct, Plaintiff suffered significant damage to property, loss of use, displacement, additional living expenses, and other consequential damages in an amount to be determined at trial but believed to exceed $1,487,000.

42. Defendant is liable to Plaintiff for all damages caused by the private nuisance, together with pre-judgment and post-judgement interest and costs.

### THIRD CAUSE OF ACTION
### (Trespass)

43. Plaintiff repeats and realleges the allegations in the preceding paragraphs as though set forth fully herein.

44. Plaintiff has the right to exclusive possession and control of the Property.

45. Defendant's conduct in negligently performing demolition work caused water to physically invade the Property without consent or authorization.

46. The intrusion of water into the Property constituted an unlawful and negligent physical entry or invasion onto Plaintiff's property.

47. This invasion resulted directly from Defendant striking and rupturing a water riser pipe during demolition, allowing water to flow into and through the Property.

48. The entry of water into the Property was foreseeable and was the direct and natural consequence of Defendant's conduct.

49. As a direct and proximate result of the trespass, Plaintiff suffered substantial property damage, loss of use, and consequential damages, including remediation and reconstructions costs, additional living expenses and administrative losses.

50. Plaintiff has been damaged in an amount to be determined at trial, but believed to exceed $1,487,000, and is entitled to recover all compensatory damages, together with pre-judgment and post-judgment interest and costs.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff 230 CNC, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Frank M. DeBono Construction Corporation, and award the following relief:

1. Compensatory damages in an amount to be determined at trial, but believed to exceed $1,487,000, including remediation and reconstruction costs, loss-of-use damages, additional living expenses, administrative expenses, and all other consequential loss;

2. Pre-judgment and post-judgment interest on all damages recovered by or awarded to it;

3. The costs of this action and its reasonable attorneys' fee and expenses; and

4. Such other and further relief as the Court deems equitable, just, and appropriate.

Dated: This 15th day of December, 2025.

/s/ Patrick J. Bernal
Patrick J. Bernal (SDNY Bar No. 429603)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: (303) 473-2700
PJBernal@hollandhart.com

Lillian G. Holbrook (née Gaines)
(NY Reg No. 5923560)
SDNY Admission Pending
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
Telephone: 303.295.8000
LGHolbrook@hollandhart.com

**ATTORNEYS FOR PLAINTIFF
230 CNC, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on December 15, 2025 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Patrick J. Bernal
Patrick J. Bernal
HOLLAND & HART LLP

36499499_v4